**Mark Jerrold STANTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–97–0122–CR.**

Court of Appeals of Texas, Amarillo.

Aug. 29, 1997.

John Hagler, Dallas, for appellant.

John Vance, Dist. Atty., Dallas, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Assigned).

A jury found appellant Mark Jerrold Stanton guilty of the misdemeanor offense of driving while intoxicated, and the trial court assessed his punishment at 180 days confinement in the county jail, probated for 24 months, and a fine of $750. Appellant contends that the evidence is factually insufficient to support his conviction, and that the court erred in admitting his oral statements. For the reasons expressed, we will reverse and remand.

The trial evidence consisted of the testimony of Balch Springs police officer Robert Edwin Donahue and a videotape taken of appellant in the book-in room at the police station.[1] Officer Donahue, who had been a police officer for approximately one year, testified that while on stationary radar duty, he pursued and stopped a speeding vehicle driven and occupied only by appellant. Upon effecting the stop, the officer noticed the odor of alcoholic beverages in the vehicle, and observed a six-pack beer carton containing four beer bottles, one of which was open, sitting on the right-hand side of appellant's seat. He also observed that appellant had slurred speech and glassy, blood-shot eyes. In reply to the officer's inquiry, appellant admitted to drinking one beer.

Officer Donahue asked appellant to get out of his vehicle, explaining that he would be put through some observations to make sure he had the normal use of his faculties and was able to drive home. When appellant got out of his vehicle, he used the vehicle for support to walk to its rear. Administering two field sobriety tests—the one-legged stand and the heel-to-toe steps—the officer concluded that appellant failed both, and formed the opinion that appellant did not have the normal use of his mental and physical faculties due to the introduction of alcohol into his system. The officer arrested appellant for driving while intoxicated and transported him to the police station.

At the police station, appellant was taken to the intoxilyzer room, where he was informed by officer Donahue that the proceedings were being videotaped.[2] The officer advised appellant of the warnings statutorily prescribed before requesting him to submit to the taking of a breath or blood specimen for analysis to determine the alcohol concentration, or presence of a controlled substance,

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

1. The videotape is included in the appellate record.

2. Appellant's motion to supplement the record with a transcription of the videotape was granted.

in his body. *See* Tex.Rev.Civ. Stat. Ann. 6701*l*–5, § 2 (Vernon Supp.1995) (repealed 1995) (current version at Tex. Transp. Code Ann. § 724.015 (Vernon Pamp.1997)). Then, the officer, requesting that appellant submit to a taking of a specimen of his breath, asked if he was willing, and appellant answered, "I'd rather not," and signed the warning form to show his refusal.

Next, the officer, informing appellant that they were going to do some field sobriety tests just as they did at the scene, instructed him in the procedure. However, appellant responded that he was "not doing any tests," adding that he understood "you are trying to incriminate me and without an attorney, I can't." Still, officer Donahue asked appellant to do the tests to prove he was not intoxicated, but appellant told the officer, not once but twice, that he would like the right to an attorney. At that point, the officer read appellant the *Miranda* (*Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)) warnings, and appellant acknowledged that he understood them.

Without any attempt to ascertain if appellant waived his *Miranda* rights, officer Donahue continued questioning appellant. He secured appellant's admission that he was driving a motor vehicle, and to his question, "Have you been drinking," he received a "No" answer. The officer then proceeded to elicit from appellant, among other information, the origination and destination points of his driving, that he was not ill, had not been injured, was not under a doctor's care, that he did not have epilepsy or diabetes, and that he had not had any injections or pills lately.

Pretrial, appellant moved to suppress the audio portions of the videotape because the arresting officer failed to secure his waiver of rights under articles 38.22 and 38.23, Texas Code of Criminal Procedure Annotated (Vernon 1979 & Supp.1997). After viewing the videotape, the trial court denied the motion and, at trial, the videotape was admitted over appellant's continuing objection.

Appellant initially theorizes that the evidence is factually insufficient to support the conviction because the arresting officer testified to his opinion that he failed to satisfactorily perform the field sobriety tests, no intoxilyzer breath test was taken and no test results were admitted into evidence, and a review of the videotape reveals that he was not intoxicated and had not lost control of the normal use of his mental and physical faculties.[3] To validate the theory, a review of all the evidence, whether properly or improperly admitted, *Dunn v. State,* 721 S.W.2d 325, 327 (Tex.Cr.App.1986), and without considering it in the light most favorable to the prosecution, must reveal that the jury's verdict was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 134, 136 (Tex.Cr.App.1996).

As earlier noted, the only evidence was officer Donahue's testimony and the videotape. In the main, the guilt-innocence decision depended upon the officer's credibility, a judgment reserved to the jury alone. *Alvarado v. State,* 912 S.W.2d 199, 207 (Tex.Cr.App.1995). Considering all of the evidence, we cannot say that the jury's decision to credit the officer's testimony, complemented by appellant's responses shown on the videotape, which evinces appellant's driving a motor vehicle on a public road of Dallas County while intoxicated, either renders its guilty verdict manifestly unjust, or shocks the conscious or clearly demonstrates bias. Therefore, the evidence is factually sufficient to support the conviction. *Jones v. State,* 944 S.W.2d 642, 648 (Tex.Cr.App.1996). Appellant's first point of error is overruled.

Appellant's following three points of error are centered on the trial court's admission of the audio portion of the videotape into evidence. He contends this was error because he was in custody, he requested the assistance of counsel, he did not waive his right to counsel, and his statements were obtained in violation of his right to the assistance of counsel during custodial interrogation. As controlling authorities, he cites the

---

**3.** The State has not responded to appellant's points of error, albeit the State was granted extensions of time and given a final deadline for the filing of its brief, after which, the State was advised, the appeal would be submitted without its brief.

Fifth, Sixth and Fourteenth Amendments to the United States Constitution, articles 38.22 and 38.23, Texas Code of Criminal Procedure Annotated (Vernon 1974 & Supp.1997), and case law applying them.

There is no question that appellant plainly expressed his desire for an attorney, not once but twice. When he did so, and did not thereafter waive his right to counsel by initiating further conversation with the officer or otherwise, he was not subject to further custodial interrogation by the officer until counsel was made available to him. *Etheridge v. State,* 903 S.W.2d 1, 18 (Tex.Cr.App.1994). Nevertheless, officer Donahue persisted in his express questioning of appellant. If the questioning constituted an interrogation invoking incriminating responses from appellant which were shown upon the videotape later displayed to the jury, a reversal of the conviction may be required. *Jones v. State,* 742 S.W.2d 398, 406–07 (Tex.Cr.App.1987).

That appellant's responses were incriminating cannot be doubted. He confirmed that he was driving the motor vehicle on a public road in Dallas County, an element of the offense the State had to prove beyond a reasonable doubt. He eliminated all obvious causes for his condition other than intoxication, the other element of the offense to be proved by the State beyond a reasonable doubt. And he denied that he had been drinking, a contradiction to officer Donahue's testimony that, at the scene, appellant said he had drunk one beer, and a difference pointed out to the jury by the State in both its questioning of officer Donahue and in its argument.

The violation of appellant's right to counsel by eliciting his incriminating responses does not automatically entitle appellant to a reversal, *Knox v. State,* 769 S.W.2d 244, 246 n. 2 (Tex.Cr.App.1989); however, an analysis of the error under the standards announced in *Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Cr.App.1989), compels us to conclude that appellant did not receive a fair trial because the magnitude of the erroneous admission of his incriminating responses disrupted the jurors' orderly evaluation of the admissible evidence. *Id.* at 588. Thus, we cannot declare beyond a reasonable doubt that the error made no contribution to appellant's conviction. Tex.R.App. P. 81(b)(2). Accordingly, appellant's second, third and fourth points of error are sustained.

The judgment is reversed and the cause is remanded to the trial court.